149 So.2d 36 (1963)
Donald MOORE, Petitioner,
v.
Allan ARMSTRONG, M.D., Respondent.
No. 32151.
Supreme Court of Florida.
January 23, 1963.
Donald Moore, petitioner, in pro. per.
Richard W. Ervin, Atty. Gen., and Joseph C. Jacobs, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioner, Donald Moore, filed petition for writ of habeas corpus in this court alleging illegal detention in the Southwest Tuberculosis Hospital, Tampa, Florida. Petitioner admits that he is being restrained on authority of an order issued by the County Judge in and for Dade County, Florida, adjudging him afflicted with infectious tuberculosis, a source of danger to the health and well-being of others pursuant to § 392.25 et seq., Florida Statutes, F.S.A. We issued the writ and required a return.
Petitioner's assault upon the constitutional validity of § 392.25 through § 392.36, Florida Statutes, F.S.A., alleges that said statutes violate due process and equal protection of the law, which were considered by this court and decided adversely to the contention *37 of petitioner in Moore v. Draper, Fla. 1952, 57 So.2d 648.
Every allegation in the present petition, with perhaps one exception, was considered and disposed of in Moore v. Draper, supra. In said cause this court held that § 392.25 through § 392.36, Florida Statutes, F.S.A., relating to the compulsory isolation and hospitalization of tubercular persons, are a proper exercise of the police power of the state and that they are not violative of the constitutional rights of the individual so committed.
Petitioner's present allegation that he is not receiving medical treatment but instead he is being confined in a maximum security cell of the hospital for long periods of time, in violation of his civil rights, was not before us in Moore v. Draper, supra, and has not heretofore been considered.
Section 392.281, Florida Statutes, F.S.A., provides in part:
"(1) When any patient in any state tuberculosis hospital shall conduct himself in such a disorderly manner and in disregard of the rules and regulations of the hospital as to unreasonably disturb other patients or employees of the hospital, the medical director of said hospital may petition the county judge, or in his absence or disability, the judge of the circuit court of the county wherein the hospital lies to commit the patient to the custody of the medical director of a hospital operated by the state tuberculosis board for quarantine, compulsory isolation and compulsory treatment in facilities provided by the board for such compulsory isolation and treatment. If the judge determines that the said patient has active infectious tuberculosis and is dangerous to the public health and that he has conducted himself in such a disorderly manner so as to unreasonably disturb other patients or employees of the hospital, he shall commit the patient for compulsory isolation and treatment for a period of time as shall be necessary, in the opinion of the medical director of the hospital, to improve the health of such person so that he will not have active infectious tuberculosis and be a danger to the public health.
"(2) The alleged tuberculous infected person under this section shall have all the rights, including a hearing, counsel, witnesses, examining committee and appeal afforded tuberculous persons under §§ 392.25-392.36."
Respondent's return shows that petitioner's conduct while in the custody of the hospital officials has made it necessary for said officials to confine him on numerous occasions. The return reflects that since the petitioner's admission to the hospital on December 13, 1948, petitioner has been confined as the result of his leaving the hospital without permission on at least six occasions, as the result of his being drunk on nine occasions and as the result of his being intoxicated due to drugs which were not prescribed by a physician on five occasions. The return asserts that all such detentions and isolation periods were imposed pursuant to the mandates of § 392.281, Florida Statutes, F.S.A. The return also clearly shows that during these periods of isolation petitioner was not deprived of his civil rights. In fact, the petitioner was given every privilege consistent with the limitations of the staff and facilities of the hospital including the same food and medication as used in other parts of the hospital. From the foregoing, it is clear that the petitioner's allegations that his detentions were improper are untrue and without merit.
It is appropriate to repeat our finding in Moore v. Draper, supra, that § 392.25 through § 392.36, Florida Statutes, F.S.A., represent a proper exercise of the police power and are not violative of petitioner's constitutional rights. We also repeat our suggestion that when the petitioner feels that he has been cured or that his disease has been arrested so that he is not *38 dangerous to society, the courts of this state are open to seek release.
The petition for writ of habeas corpus heretofore issued is discharged, without prejudice to the petitioner at such time as he may elect to seek release from his confinement in the manner provided herein. Petitioner is accordingly remanded to the custody of respondent.
ROBERTS, C.J., and TERRELL, THOMAS, DREW, THORNAL, O'CONNELL and CALDWELL, JJ., concur.